UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROY CLARK,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Hala Y. Jarbou

Case No. 1:23-cv-1024

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff sustained a work-related crush injury to his left leg in 2006. (PageID.58–59, 488.) As a result of the injury, he developed complex regional pain syndrome (CRPS) issues in his back and left leg. (PageID.488.) He returned to work at the same employer in 2008 and continued that employment until late 2018. (PageID.59, 268–70.)

On August 30, 2019, Plaintiff filed an application for DIB alleging that he became disabled as of October 17, 2018, due to CRPS, lumbar degenerative disc disease, depressed mood, hypertension, right hip pain, sleep apnea, and thoracic degenerative disc disease. (PageID.87–88, 257–60.) Plaintiff was age 46 at the time of his alleged onset date and age 47 when he filed his application. (PageID.87.) He had a high school degree and past work as a metals sales representative. (PageID.44, 281.) Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ).

On August 19, 2022, ALJ David Read held a hearing and received testimony from Plaintiff and Lauren Petkoff, an impartial vocational expert (VE). (PageID.51–84.) On August 30, 2022, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled from his alleged onset date through the date of the decision. (PageID.35–46.) The Appeals Council denied Plaintiff's request for review on August 1, 2023. (PageID.19–21.) The ALJ's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on September 28, 2023.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2023, and had not engaged in substantial gainful activity since his alleged onset date of October 17, 2018, the ALJ found that Plaintiff suffered from severe impairments of CRPS and degenerative disc disease of the lumbar spine. (PageID.37.) At step three, the ALJ

---

Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any physical or mental impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.40.)

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except:

> [H]e can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. He is able to sit for six hours in an eight-hour workday, as well as stand and/or walk for four hours in an eight-hour workday. His pushing/pulling limitations are the same as his lifting/carrying limitations. The claimant can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, as well as crawl occasionally. The claimant can tolerate extreme cold occasionally, extreme heat occasionally, and vibration occasionally.

(PageID.36.)

At step four, the ALJ determined that Plaintiff retained the ability to perform his past relevant work as a metals sales representative, as generally and actually performed. (PageID.44.) Nonetheless, the ALJ found, in the alternative, that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of survey worker, inspector-hand packager, and information clerk, approximately 89,000 of which existed in the national economy. (PageID.44–45.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

## DISCUSSION

Plaintiff raises three issues in his appeal: (1) the ALJ violated 20 C.F.R. § 404.1520c during the evaluation of the evidence because he failed to properly consider the mandatory factors of supportability and consistency; (2) the ALJ committed reversible error by wrongly

5

considering Plaintiff's minimal daily activities as proof that he could work; and (3) the ALJ committed reversible error by failing to consider Plaintiff's work record and its relationship to his credibility. (ECF No. 15 at PageID.1102.)

I. **Evaluation of Opinion Evidence**

As part of her RFC finding, the ALJ evaluated the opinion evidence pursuant to 20 C.F.R. § 404.1520c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 404.1520c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors, but is not required to explain how the remaining factors were considered. 20 C.F.R. § 404.l520c(b)(2) and (3).

"[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021); *see* 20 C.F.R. § 404.1520c(1)–(2); *Conklin v. Kijakazi*, No. 21-CV-8486, 2023 WL 104829, at *12–13 (S.D.N.Y. Jan. 5, 2023) (stating that "supportability" "has to do with the fit between the medical opinion offered by the source and the underlying evidence and explanations 'presented' by that source to

6

support her opinion," and "[c]onsistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record, not just what a medical source had available to them" (internal quotation marks omitted)). In evaluating an opinion, "an ALJ need not use the precise words 'supportability' or 'consistency,' so long as he or she has explained how those two 'most important' factors were considered in determining the persuasiveness of each opinion." *Tracy F. v. Comm'r of Soc. Sec.*, No. 2:23-cv-188, 2023 WL 8614065, at *5 (S.D. Ohio Dec. 13, 2023) (quoting 20 C.F. R. § 404.1520c(b)(2)).

The record contained three opinions addressing Plaintiff's physical limitations.[2] Plaintiff's treating sources from the University of Michigan, Chad Brummett, M.D., and Daniel Berland, M.D., provided oral opinions under oath on August 11, 2022. (PageID.1053–58, 1065–70.) In addition, State agency medical consultant Dr. Larry Jackson, M.D., reviewed the medical record and provided an opinion on January 13, 2020 (PageID.96–98), which reviewer Catherine Mazei, M.D., adopted on reconsideration. (PageID.111–14.) The ALJ evaluated these opinions as follows:

> The opinion of treating physician Dr. Chad Brummett, M.D., is only partially persuasive (6F). His finding that the claimant is unable to go work a job is a finding on the ultimate issue of disability, an issue that is reserved to the Commissioner. However, her [sic] finding that the claimant's depression is not a disabling problem is persuasive as it is consistent with the medical evidence of record, especially with the claimant's lack of specialized mental health treatment during the period at issue.
>
> The opinion of treating physician Dr. Daniel Berland, M.D., is somewhat persuasive (7F). His finding that the claimant has an incredibility limited ability to stand for prolonged periods of time is somewhat vague as he does not provide specifics regarding the amount of time the claimant could be expected to stand during an eight-hour period. In addition, it is inconsistent with examinations where the claimant was described as ambulating without assistance as well as demonstrating a non-antalgic gait (1F/37-40). Nonetheless, Dr. Berland's point that the claimant has some limitations with standing and/or walking is consistent

---

[2] Because Plaintiff's argument focuses on opinion evidence pertaining to his physical limitations, I do not address the opinions regarding his psychological impairments.

7

> with the medical evidence of record where the claimant displayed an antalgic gait on multiple occasions.
>
> The opinions of state agency medical consultants Dr. Larry Jackson, M.D., and Dr. Catherine Mazei, M.D., are persuasive (1A; 3A). Their finding that the claimant can only stand and/or walk for four hours in an eight-hour workday is consistent with the claimant's displayed antalgic gait at times despite his ability to perform activities such as golfing, fishing, and hunting. It is also supported by multiple records indicating that the claimant's pain is stable.

(PageID.43.)

Although Plaintiff references the supportability and consistency factors in his claim of error, he provides very little argument about why the ALJ's analysis of the opinions failed to comply with the applicable regulation. Instead, he suggests that because both of his treating sources were medical professors at the University of Michigan, which is "generally considered to be one of the best medical schools in the country," and because there could be no doubt "as to who would win [a] credibility contest" if Drs. Brummett and Berland faced off against the non-examining physicians with their testimony in this Court, the ALJ clearly erred by finding their testimony "only partially credible" while finding the State agency doctors' opinion more persuasive. (ECF No. 15 at PageID.1103–04.) But credibility is not the standard by which an ALJ considers a medical opinion. Instead, the ALJ must articulate the persuasiveness of the opinion in terms of supportability and consistency. 20 C.F.R. § 404.1520c(b)(1). Moreover, an ALJ no longer defers to medical opinions from treating sources. 20 C.F.R. § 404.1520c(a). Thus, "the treating physician rule no longer applies." *See Takacs v. Kijakazi*, No. 1:20-cv-02120, 2022 WL 447700, at *8 (N.D. Ohio Jan. 26, 2022), *report and recommendation adopted*, 2022 WL 445767 (N.D. Ohio Feb. 14, 2022) (internal quotation marks omitted).

Here, the ALJ found Dr. Brummett's opinion only partially persuasive because it opined on an issue reserved to the Commissioner. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is [ultimately] the prerogative of the

[Commissioner], not the treating physician") (citation omitted). However, the ALJ found the opinion persuasive regarding the lack of mental limitation because it was consistent with a lack of evidence indicating that Plaintiff received any specialized mental health treatment during the relevant period.

As for Dr. Berland's opinion that Plaintiff's ability to stand for prolonged periods of time would be "incredibly limited," the ALJ found the opinion only somewhat persuasive because it was not stated in functional terms and was thus somewhat vague. *See Fitzwater v. Comm'r of Soc. Sec.*, No. 1:20-cv-1456, 2021 WL 2555511, at *11 (N.D. Ohio June 4, 2021), *report and recommendation adopted*, 2021 WL 2550985 (N.D. Ohio June 22, 2021) ("[B]ecause Dr. Alouani didn't specifically describe the degree of impairment in managing work pressures and performing tasks, a reasonable mind could find the vague descriptions of impairments unpersuasive (or at least not useful) for purposes of establishing Fitzwater's RFC."). Nonetheless, he found that the opinion supported some degree of limitation in standing and walking given that medical records indicated that Plaintiff ambulated without assistance and with a non-antalgic gait on some occasions but demonstrated an antalgic gait on others. (PageID.392, 832.)

Finally, in finding the State agency medical reviewers' four-hour limitation on Plaintiff's ability to stand/walk persuasive, the ALJ pointed to evidence supporting some limitation (antalgic gait at times), as well as other evidence, including Plaintiff's reported activities of golfing, fishing, and hunting (PageID.698, 1032), and multiple records indicating that Plaintiff's pain was stable (PageID.384, 1032), suggesting that, while reduced, Plaintiff's ability to stand/walk was less limited than he alleged.

As the foregoing demonstrates, in contrast to the cases Plaintiff cites, *Dany Z. v. Saul*, 531 F. Supp. 3d 871 (D. Vt. 2021), and *Childers v. Kijakazi*, No. 5:21-285, 2022 WL 2706150

(E.D. Ky. July 12, 2022), it is clear from the ALJ's decision that he considered the "most important factors"—supportability and consistency—in evaluating all of the opinion evidence in the case and articulating his reasoning. In other words, the ALJ did not "rely solely on agency consultants while dismissing treating physicians in a conclusory manner." *Dany Z.*, 531 F. Supp. 3d at 885.

Plaintiff also contends, erroneously, that no medical source determined that Plaintiff could perform work at the light exertional level. (ECF No. 15 at PageID.1104.) In fact, both State agency physicians determined that Plaintiff retained the RFC to perform a range of light work. (PageID.96–99, 111–114 (physical RFC assessments).) Thus, although the ALJ's RFC finding was not required to specifically track a medical opinion, *see Simon v. Comm'r of Soc. Sec.*, No. 2:16-CV-259, 2017 WL 1017733, at *6 (S.D. Ohio Mar. 16, 2017), *report and recommendation adopted*, 2017 WL 3172717 (S.D. Ohio July 25, 2017) ("Although the RFC must be supported by evidence of record, it need not correspond to, or even be based on any specific medical opinion.") (citing *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015)), the ALJ's RFC finding here was supported by a medical opinion.

Therefore, this claim of error lacks merit.

## II.  Subjective Symptoms  (Issues II and III)

Plaintiff's second and third issues pertain to the ALJ's assessment of his subjective symptoms. In formulating the RFC, the ALJ evaluated Plaintiff's subjective symptoms in accordance with SSR 16-3p, 2016 WL 1119029, but concluded that Plaintiff's statements about his symptoms were not entirely consistent with the medical and other evidence in the record. (PageID.41–44.) In making this determination, the ALJ considered a number of factors set forth in 20 C.F.R. § 404.1529(c)(3) that are relevant to evaluating a claimant's symptoms, which include,

10

> the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing SSR 96-7, 1996 WL 374186, at *2–3 (July 2, 1996)).

Plaintiff contends that the ALJ's analysis was faulty because he improperly relied on Plaintiff's occasional daily activities to conclude that Plaintiff was capable of performing full-time work. (ECF No. 15 at PageID.1105.) However, the ALJ did not err in considering Plaintiff's activities as one factor in evaluating his subjective symptoms. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 312 (6th Cir. 2018) (noting that "the ALJ appropriately considered . . . evidence of daily activities in assessing [the claimant's] subjective complaints"). In particular, the ALJ noted that in November 2018—about one month after Plaintiff's alleged onset date—Plaintiff reported being able to climb two flights of stairs, that he was walking for exercise, and that he was able to perform all of his daily activities without difficulty. (PageID.368.) A few months later, Plaintiff reported that although he was not working, he stayed busy helping at a golf shop. (PageID.380.) During a virtual visit in September 2020, Plaintiff reported staying as active as possible during the summer and doing some fishing and golfing. (PageID.698.) And in November 2021, Plaintiff reported that he was doing better and that he attempted to go deer hunting. (PageID.1032.) The ALJ considered these activities as part of the bigger picture, which included Plaintiff's medications, treatment, and reports of improvement during visits with his providers. (PageID.42, 488, 698.) In addition, regarding Plaintiff's back impairment, the ALJ considered objective evidence—a CT scan of the

11

lumbar spine from March 2019—showing only mild to moderated degenerative changes, as well as Plaintiff's report in December 2019 that his lower back pain continued to improve without any intervention, was occurring only one-to-two times per week, and amounted to 10-15% of his total pain. (PageID.398, 491.) In short, "the ALJ did not equate plaintiff's daily activities to the ability to work full-time; rather, the ALJ appropriately cited h[is] activities as some evidence that []he was not as limited as []he alleged." *Hill v. Comm'r of Soc. Sec.*, No. 17-10089, 2018 WL 1404416, at *4 (E.D. Mich. Feb. 27, 2018), *report and recommendation adopted*, 2018 WL 1399174 (E.D. Mich. Mar. 19, 2018).

Relatedly, Plaintiff takes issue with the ALJ's consideration of his ability to travel to Florida in February 2020 as evidence of a greater ability to sit for extended periods of time than Plaintiff had alleged (ECF No. 15 at PageID.1104), but it was entirely appropriate for the ALJ to consider that evidence as bearing on the extent of Plaintiff's alleged limitations.

Finally, Plaintiff faults the ALJ for failing to consider his return to work after his horrific accident and his record of working as long as possible until he no longer was physically able to perform his job as supporting his complaints about the intensity, persistence, and limiting effects of his symptoms. (*Id.* at PageID.1105–06.) Plaintiff cites cases from the Second Circuit—*Rivera v. Schweiker*, 717 F.2d 719 (2d Cir. 1983), and *Singletary v. Secretary of Health, Education and Welfare*, 623 F.2d 217 (2d Cir. 1980), for the proposition that a good work record substantially bolsters the credibility of a claimant alleging inability to work because of a disability. Indeed, the Sixth Circuit has observed that a claimant's "extensive work history and attempts to continue working despite his disability support his credibility." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789 (6th Cir. 2009) (citing *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998)). Defendant responds that the ALJ, in fact, noted that Plaintiff returned to work following his

accident and was able to work for many years despite his CRPS resulting from the accident. Defendant contends that this evidence actually undercuts Plaintiff's allegation that his CRPS was a disabling condition, and cites *Bowen v. Social Security Administration*, 581 F. App'x 544, 545 (6th Cir. 2014), and *Crisp v. Secretary of Health and Human Services*, 790 F.2d 450 (6th Cir. 1986), as support. (ECF No. 16 at PageID.1113.)

Certainly, the ALJ was permitted to consider Plaintiff's work history as supporting his subjective complaints, just as he was permitted to consider that it undercut his claim of disability due to the lack of medical evidence showing any real change or worsening of his CRPS symptoms, but he was not compelled to reach either conclusion. A claimant's work history is only one of many factors an ALJ can consider in evaluating a claimant's subjective symptoms. 20 C.F.R. § 404.1529(c). As noted above, the ALJ discussed a number of pertinent factors as part of his finding that Plaintiff retained the ability to perform his past relevant work that he had been performing for years after his injury. I thus find no basis to reject the ALJ's evaluation of Plaintiff's subjective complaints, as it is supported by substantial evidence.

Accordingly, this claim of error lacks merit.[3]

---

[3] In a single sentence, Plaintiff alludes to his sleep issues, asking, "where did Plaintiff's sleeping during the day ever get addressed?" (ECF No. 15 at PageID.1105.) Apart from the fact that Plaintiff waived this issue by not raising it in his statement of errors, *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010) (issues not included in plaintiff's statement of errors are waived); *Allen v. Comm'r of Soc. Sec.*, No. 1:16–cv–170, 2016 WL 6471092, at *6 n.4 (W.D. Mich. Nov. 2, 2016) (same); *Oudsema v Comm'r of Soc. Sec.*, No. 1:11–cv–1264, 2013 WL 588925, at *5 (W.D. Mich. Feb. 13, 2013) (same), his failure to develop the argument likewise constitutes waiver of the issue. *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (concluding that the plaintiff's "observations, . . . without elaboration or legal argument," amounted to waiver of the issues).

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **affirmed**.

Dated: April 12, 2024                                    /s/ Sally J. Berens
                                                         SALLY J. BERENS
                                                         U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).