UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROY CLARK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:23-cv-1024

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff Donald Roy Clark seeks judicial review under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), of the Commissioner of Social Security's denial of his Disability Insurance Benefits ("DIB"). On April 12, 2024, Magistrate Judge Sally J. Berens issued a Report and Recommendation ("R&R") recommending that the Court affirm the administrative law judge ("ALJ")'s decision denying benefits (R&R, ECF No. 18). Before the Court are Clark's objections to that recommendation (ECF No. 19). For the reasons herein, the Court will adopt the R&R and affirm the decision of the Commissioner.

## **I. BACKGROUND**

In 2006, Clark sustained a work-related crush injury to his left leg. As a result, he developed complex regional pain syndrome ("CRPS") issues in his back and left leg. He returned to work at the same employer in 2008 and continued that employment until late 2018.

On August 30, 2019, Clark filed an application for DIB alleging that he became disabled as of October 17, 2018, due to CRPS, lumbar degenerative disc disease, depressed mood, hypertension, right hip pain, sleep apnea, and thoracic degenerative disc disease.

After a hearing, the ALJ issued a written decision finding that Clark was not entitled to benefits because he was not disabled from his alleged onset date through the date of the decision. The Appeals Council denied Clark's request for review on August 1, 2023. The ALJ's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Clark initiated this civil action for judicial review on September 28, 2023.

Clark raises three issues in this appeal. First, he argues that the ALJ violated 20 C.F.R. § 404.1520c by failing to properly consider the supportability and consistency factors discussed in that regulation. Second, he argues that the ALJ wrongly considered Clark's minimal daily activities as proof he could work. Finally, he argues that the ALJ failed to consider his work record and its relationship to his credibility. The magistrate judge disagreed with Clark's contentions, concluding that the ALJ considered the supportability and consistency factors, as well as Clark's work history, and was free to determine that his work history undercut his claim of disability. (*See* R&R 8-13.)

## II. STANDARD OF REVIEW

Under Rule 72 of the Federal Rules of Civil Procedure, the Court reviews de novo any part of the magistrate judge's disposition that has been properly objected to. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). General or blanket objections to the R&R are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). The Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*.

Under 42 U.S.C. § 405(g), the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id*. (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). "If the Commissioner's decision is based on substantial evidence, [the court] must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id*.

### III. ANALYSIS

In his objections, Clark argues that the ALJ and magistrate judge improperly favored the opinions of non-examining physicians over the opinions of physicians who were more credible because they were treating physicians who were board certified. But the issues for purposes of appeal are (1) whether the ALJ's conclusions were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. (*See* R&R 2.) In other words, the Court does not conduct a de novo review of the ALJ's decision, resolve evidentiary conflicts, or decide questions of credibility. (*Id.* (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).)

Here, the magistrate judge concluded that the ALJ's decision applied the proper legal standards and was supported by substantial evidence. Clark's disagreement with the ALJ's weighing of the evidence does not itself warrant overturning the ALJ's decision. Clark's reliance on *Johnson v. Commissioner of Social Security*, 652 F.3d 646 (6th Cir. 2011) and *Blakley v. Commissioner of Social Security*, 581 F.3d 399 (6th Cir. 2009) is misplaced because those decisions relied on the rule that the opinions of treating physicians are given controlling weight. *See Johnson*, 652 F.3d at 652; *Blakely*, 581 F.3d at 409. As Clark himself concedes, that rule no longer applies. Moreover, *Blakley* is unhelpful because that case involved an ALJ's complete failure to consider the treating physicians' opinions, which is not at issue here. *See Blakley*, 581 F.3d at 407-08.

Without the treating physician rule, the applicable regulations allow the ALJ "to evaluate the persuasiveness of submitted medical opinions, with particular focus on their supportability and consistency." *Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645, at *6 (6th Cir. June

3

12, 2024). As discussed in the R&R, the ALJ evaluated the medical opinions according to those standards.

Clark cites *Dany Z. v. Saul*, 531 F. Supp. 3d 871 (D. Vt. 2021) and *Childers v. Kijakazi*, No. 5:21-285-JMH, 2022 WL 2706150 (E.D. Ky. July 12, 2022), but the Court agrees with the magistrate judge that those cases are distinguishable. In *Dany Z.*, the ALJ "rel[ied] solely on agency consultants while dismissing treating physicians in a conclusory manner." *Dany Z.*, 531 F. Supp. 3d at 885. In particular, the ALJ relied on a few normal findings to give weight to agency consultants without considering or explaining other evidence. *Id.* at 885-86. The Court is not persuaded that the ALJ committed a similar mistake here.

In *Childers*, the ALJ did not explain his consideration of the supportability and consistency factors, such that the district court could not follow his logic. *Childers*, 2022 WL 2706150, at *5. In contrast, the ALJ here explained why he believed the medical sources' opinions were or were not consistent with, or supportable by, other evidence. For instance, in his discussion of Dr. Brummett's opinion, the ALJ indicated how that opinion makes determinizations left to the Commissioner. The ALJ also explained that, in light of the medical evidence and Clark's lack of mental health treatment, the disabling nature of Clark's depression was not supported. Similarly, the ALJ explained that Dr. Berland's opinion was both too vague in its conclusion that Clark has limited ability standing for long periods and was inconsistent with examinations where Clark moved without assistance and demonstrated a normal gait. In short, it is clear from the ALJ's discussion that he considered supportability and consistency factors in his evaluation of the medical opinions.

Next, Clark takes issue with the ALJ's conclusion that the medical evidence of record was "mostly benign" with regard to Clark's CPRS. (ALJ Dec. 26, ECF No. 7-2.) The ALJ noted that

4

Clark's pain was "deemed stable with medication and his visits are often in regard to supporting off-work notes or receiving prescription pain refills." (*Id.*)  The Court discerns no error in that determination.  Clark asserts that the testimony of his treating physicians thoroughly undermines the ALJ's conclusion, but he does not elaborate on this argument, effectively waiving it.  *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) ("'[I]ssues adverted to in a perfunctory manner . . . are deemed waived.'" (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999))).  At any rate, the Court notes that this testimony is somewhat vague with regard to Clark's limitations while taking pain medication.  Also, the ALJ gave sufficient reasons for discounting the opinions of those physicians.  (*See* R&R 8-9.)  As discussed, the Court does not reweigh the evidence on appeal.

Clark also disagrees with the magistrate judge's conclusion that the ALJ properly considered evidence of Clark's "occasional daily activities"—including climbing stairs at one point, walking for exercise, helping at a golf shop, fishing, golfing, attempting to go deer hunting, "staying as active as possible," and taking a plane trip to Florida—when considering the extent of Clark's claimed limitations.  (*See* R&R 11-12.)  In particular, Clark objects to the ALJ's consideration of the plane trip as evidence that Clark could perform substantial gainful activity on a regular basis.  Clark rightly notes that being able to perform an activity at some times does not necessarily establish an ability to perform it on a regular and consistent basis.  Nevertheless, the Court agrees with the magistrate judge that the ALJ could properly consider this plane trip and the other activities mentioned above as additional data points suggesting that Clark's limitations were not as severe as he claimed.  As the magistrate judge explained, "'the ALJ did not equate plaintiff's daily activities to the ability to work full-time; rather, the ALJ appropriately cited h[is] activities as some evidence that []he was not as limited as []he alleged.'" (R&R 12 (quoting *Hill v. Comm'r*

5

*of Soc. Sec.*, No. 17-10089, 2018 WL 1404416, at *4 (E.D. Mich. Feb. 27, 2018)).) This logic applies to the plane trip. (*See id.*) Importantly, the ALJ did not rely on the plane trip alone. Instead, he considered all the aforementioned activities, along with "reports of improvement during [Clark's medical] visits," and objective evidence of Clark's condition. (*See id.* at 11-12.) That analysis was proper.

Clark points to his work history after the alleged onset of his disability as evidence of his credibility, but the Court discerns no error in the magistrate judge's reasoning that

> the ALJ was permitted to consider Plaintiff's work history as supporting his subjective complaints, just as he was permitted to consider that it undercut his claim of disability due to the lack of medical evidence showing any real change or worsening of his CRPS symptoms, but he was not compelled to reach either conclusion. A claimant's work history is only one of many factors an ALJ can consider in evaluating a claimant's subjective symptoms. 20 C.F.R. § 404.1529(c).

(*Id.* at 13.)

Next, Clark contends for the first time in his objections that the ALJ erred by not citing or complying with "SSR 03-2p as required for cases involving reflect sympathetic dystrophy syndrome (RSDS) and/or complex regional pain syndrome (CRPS)." (Pl.'s Objs. 4.) Clark did not raise this issue in his briefing before the magistrate judge, however. "[A]bsent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Clark provides no compelling reasons here. Consequently, he waived this argument and the Court will not consider it.

In short, the Court discerns no error in the R&R, let alone one requiring a different disposition of Clark's appeal.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 18) is **APPROVED** and **ADOPTED** as the opinion of this Court.

The Court will enter a judgment affirming the Commissioner's decision.

Dated: July 5, 2024                               /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE